FILED

2024 Aug-29 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**A.B., *a minor, by and through her next friend and parent, J.B.*,**
     Plaintiff,

**v.**

**DAVID JACOBS BARROW and NATIONWIDE MUTUAL INSURANCE COMPANY,**
     Defendants.

**Case No. 4:22-cv-1314-CLM**

## MEMORANDUM OPINION

A.B. was a 10-year-old girl. David Barrow was her mother's boss. Barrow sexually abused A.B. and used her to film child pornography. Barrow is now in state prison, and A.B. has a $10 million state-court judgment against Barrow.

The question here is whether Barrow's insurer, Nationwide Mutual Insurance Company ("Nationwide"), must pay the $10 million judgment under an umbrella policy effective when Barrow abused A.B. Both sides, A.B. and Nationwide, seek summary judgment. *See* (docs. 18, 29). As explained below, the court finds that neither Barrow nor A.B. notified Nationwide of its potential duty to indemnify in the time required by the umbrella policy, so Nationwide is not required to satisfy the judgment against Barrow. The court will therefore **GRANT** Nationwide's motion for summary judgment (doc. 18) and **DENY** A.B.'s motion for summary judgment. (Doc. 29).

## BACKGROUND

The court's decision stems from the fact that no one told Nationwide that Barrow abused A.B. until five years after the abuse happened and four years after Barrow was arrested for it. Because the timeline matters, the court starts at the beginning.[1]

### A. Barrow's Crime

A.B.'s mother worked at Mike's Merchandise. Barrow was her boss. In 2013, Barrow asked A.B.'s mother if she would allow her 10-year-old daughter to "model" for Barrow. A.B.'s mother agreed. At least three times in 2013, Barrow had A.B. undress down to her underwear or put on lingerie and pose for photos.

In July 2014, Barrow was arrested and charged with 27 counts of production of pornography/obscene material with a minor child and aggravated criminal surveillance. After learning that Barrow also molested A.B. many times after the first three occasions in 2013 and into 2014, a grand jury indicted Barrow in February 2015 for human trafficking, sex abuse of a child less than 12 years old, sodomy, and conspiracy to commit sex abuse of a child less than 12 years old.

Barrow pleaded guilty to two counts of production of pornography/ obscene material with a minor child and two counts of human trafficking involving a child under the age of 12 or involving child pornography in March 2016. He is serving a 30-year sentence for those crimes.

### B. A.B.'s Lawsuit

In February 2018, A.B. (by and through her father) filed two lawsuits, one against Barrow for invasion of privacy[2] and another against Barrow and his wife under the Alabama Fraudulent Transfer Act.[3]

---

[1] A.B. moved to strike certain facts related to Barrow's crimes and the underlying lawsuit. The court **DENIES** that motion because the facts help provide a background and timeline of the case and are relevant to the notice issue.

[2] *See A.B. v. David Barrow*, 50-cv-2018-900065 (Marshall County, Ala.).

[3] *See A.B. v. Ann Barrow and David Barrow*, 50-cv-2018-900069 (Marshall County, Ala.).

In the AFTA case, A.B. issued interrogatories and requests for productions in May 2018 that requested the Barrow's produce information about insurance policies that could cover the Barrows' alleged acts:

**Interrogatory**

2. State the name and address of your property and casualty insurance agent or agents during the year 2014 for all real estate owned, including umbrella policies, rental and business policies.

**Request for Production**

REQUEST NO. 12: [Provide] A copy of all insurance policies in force and effect in 2014 that provided coverage, generally, for all real estate owned, umbrella policies, business policies, and rental policies. This request includes all homeowner's policies.

Mrs. Barrow's August 2018 responses indicated that Nationwide *might* have provided an umbrella policy. So A.B.'s attorney, Greg Reeves, kept digging, ultimately serving a subpoena on the Barrows' Nationwide agent in November 2018. As A.B. put it:

18.     The subpoena issued to Nationwide served two purposes:  to provide Reeves with a copy of the umbrella policy, *if one existed*, and, further, to place Nationwide on notice of the claims made in the underlying state court case by providing a copy of Nationwide's insured's name, the court where the lawsuit was pending, that is, the Marshall County Circuit Court and the civil case number 50-CV-18-900065.  (Doc. 28- 1, p. 5).

(Doc. 29, p. 11). Nationwide provided Attorney Reeves with the policies in January 2019. On April 2, 2019, Attorney Reeves sent Nationwide a letter that said (a) the November 2018 subpoena to the Nationwide agent put

Nationwide on notice of A.B.'s lawsuit and (b) A.B. would ask Nationwide to satisfy any judgment against Barrow under Ala. Code § 27-23-2.[4]

Nationwide retained counsel to defend Barrow in state court. That counsel first appeared in July 2019 and served as lead counsel throughout discovery and trial.

The state court held a bench trial on A.B.'s invasion of privacy claim on April 11, 2022. The trial court issued a detailed order finding that A.B. proved her claim and awarded A.B. $4 million in compensatory damages and $6 million in punitive damages.

### C. The umbrella policy

That brings us to the umbrella policy, which the parties agree was operative in 2013 and 2014 when Barrow abused A.B. Under the policy, Nationwide agreed to pay for damages that resulted from covered "occurrences," plus claims expenses and defense costs. (Doc. 19-15). Relevant here, an "occurrence" included an "accident including continuous or repeated exposure to the same general conditions" that resulted in "personal injury," a term that includes an "invasion of rights of privacy." *Id.* (definitions of "occurrence" and "bodily injury"). A.B. argues that the umbrella policy covers her judgment because a court found that Barrow invaded A.B.'s right of privacy, resulting in damages.

### D. The federal cases

The umbrella policy also contained conditions, including this two-part notice requirement:

---

[4] Ala. Code § 27-32-2 states: "Upon the recovery of a final judgment . . . if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment . . . and the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment."

4. **Notice. You** or someone on **your** behalf must:
   a) as soon as reasonably possible, give **us, our** agent or sales representative written notice of an **occurrence** to which this policy may apply.
   b) promptly give **us** all legal papers or reports relating to the **occurrence** when a claim or suit is filed against an **insured**.

1. <u>Dec Action I</u>: While A.B.'s lawsuit was pending in state court, Nationwide filed a declaratory judgment action in this court, asking the court to declare that Nationwide had no duty to defend or indemnify Barrow because he failed to meet either of the notice requirements under the umbrella policy and other policies not relevant here. *See Nationwide Mut. Ins., et al. v. Barrow et al.*, No. 4:19-CV-01019-ACA, 2021 WL 461700 (N.D. Ala. Feb. 9, 2021) ("Dec Action I"). Nationwide asked for summary judgment, which the court treated as a motion for default judgment because the Barrows did not appear. A.B. opposed the motion, arguing that her notice satisfied the umbrella policy's condition.

This court (Judge Axon) agreed with Nationwide. The court found that Barrow satisfied neither notice requirement:

> Here, Mr. Barrow is the only insured under the umbrella policy. By its terms, the policy required that Mr. Barrow or someone acting on his behalf provide written notice to Nationwide of an occurrence to which the policy might apply 'as soon as reasonably possible.' It is undisputed that Mr. Barrow never notified Nationwide of a potential occurrence under the umbrella policy or of A.B.'s civil lawsuit. Therefore, as a matter of law, Mr. Barrow failed to give the required written notice within a reasonable time and breached the notice provision of the umbrella policy.

*Id.* at \*4 (record citations omitted). The court further held that A.B.'s notice—which occurred more than four years after the possibly covered occurrence—could not satisfy the notice requirement because neither Barrow nor A.B. provided "evidence of a reasonable excuse for the delay." *Id.* at \*4-5 (citing *Nationwide Mut. Fire Ins. Co. v. Files*, 10 So. 3d 533, 536 (Ala. 2008)). So the court entered "summary judgment against A.B.

and default judgment against Mr. Barrow and Ms. Barrow on [Nationwide's] claim that it owes no duty to defend Mr. Barrow pursuant to the umbrella policy." *Id.* at *5. The court did not decide whether Nationwide had a duty to indemnify Barrow if he lost in state court.

A.B. appealed to the Eleventh Circuit, which ruled that A.B. lacked standing on the duty to defend issue—*i.e.*, the only duty decided in Dec Action I—because A.B. would not be injured if Nationwide did not appear to defend Barrow in her state-court lawsuit. To the contrary, weakening Barrow's defense could "help" A.B., not hurt her. *Nationwide Mut. Ins. v. Barrow*, 29 F.4th 1299, 1303 (11th Cir. 2022). As a result, the Circuit Court dismissed A.B.'s appeal.

2. <u>Dec Action II</u>: Having prevailed on the duty to defend issue, Nationwide filed another declaratory judgment action, asking the court to declare it had no duty to indemnify Barrow for the same reason. *See Nationwide Mut. Ins. v. Barrow*, No. 4:22-CV-725-RDP, 2022 WL 14068890 (N.D. Ala. Oct. 24, 2022) ("Dec Action II"). But the state case was still pending, so there was no judgment for Nationwide to indemnify. This court (Judge Proctor) thus abstained from exercising jurisdiction over the case. *See Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005) (discussing when federal courts should abstain from making declarations that affect pending state litigation).

3. <u>This 'direct action' case</u>: After securing her judgment against Barrow, A.B. sued Barrow and Nationwide under Alabama's Direct Action Statute, Ala. Code § 27-23-2, to force Nationwide to satisfy the judgment.[5] Nationwide removed the case to this court, noting the court has diversity jurisdiction once the parties are aligned by interest—*i.e.*, Nationwide, who opposes paying A.B.'s judgment for Barrow, is completely diverse from A.B. and Barrow, who benefit from Nationwide paying A.B.'s judgment.

---

[5] A.B. alleged that the policy limit was $1 million per occurrence, so Nationwide had to pay at least $3 million—*i.e.*, $1 million for each of the three times Barrow photographed and abused A.B. at a hotel—and possibly the full $10 million.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Both parties seek summary judgment. But the court starts with Nationwide's argument that it does not have a duty to indemnify because Barrow failed to timely notify Nationwide of a covered occurrence under Condition 4(a) because (a) if Nationwide is right, the case ends, and (b) the court dealt with the same notice argument in Dec Action I. To be clear, the court is not bound to its previous decision because (a) Dec Action I resolved only the duty to defend claim, not the duty to indemnify claim (*i.e.*, no claim preclusion), and (b) the Eleventh Circuit held that A.B. did not have standing to challenge the court's ruling on appeal, so she has not had a full and fair opportunity to litigate the notice issue (*i.e.*, no issue preclusion). But the facts and law haven't changed, so the court's analysis and result will not change.

As explained, the umbrella policy required Barrow to both (a) notify Nationwide about a possibly covered occurrence "as soon as reasonably possible" and (b) "promptly" provide Nationwide with a copy of all legal documents if a claim or lawsuit is filed. Nationwide issued the umbrella policy in Alabama, so the court applies Alabama law when considering whether Barrow satisfied these conditions. *See St. Paul Fire & Marine Ins. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894 n.1 (11th Cir. 2009); *Cherokee Ins. Inc. v. Sanches*, 975 So. 2d 287, 292 (Ala. 2007).

1. <u>Alabama law</u>: In Alabama, "the failure of an insured to comply within a reasonable time with such conditions precedent in an insurance policy requiring the insureds to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract." *Reeves v. State Farm Fire and Cas.*, 539 So. 2d 252, 254 (Ala. 1989).

As for Barrow's duty to notify Nationwide of a covered occurrence, "'as soon as practicable' means notice must be given 'within a reasonable time in view of the facts and circumstances of the case.'" *Am. Builders Ins. v. Riverwood Constr., LLC*, 2022 WL 4367055, at *5 (N.D. Ala. 2022) (quoting *Travelers Indem. Co. of Conn. v. Miller*, 86 So. 3d 338, 342 (Ala. 2011)). When evaluating whether the time was "reasonable," there are only two factors for a court to consider: (1) the length of the delay and (2) the reasons for the delay. *Id.* (citing *Miller*, 86 So. 3d at 342). "[I]t is the intersection of a lengthy delay *and* the lack of justification that warrants summary judgment." *Emps. Mut. Cas. Co. v. Smith Const. & Dev., LLC*, 949 F. Supp. 2d 1159, 1169 (N.D. Ala. 2013).

"If there are disputed facts or conflicting inferences that may reasonably be drawn from the evidence, 'the question of the reasonableness of a delay in giving notice is a question of fact for the jury.'" *Miller*, 86 So. 3d at 346 (quoting *S. Guar. Ins. v. Thomas*, 334 So. 2d 879, 882 (Ala. 1976)). "But if there is no reasonable excuse offered for a delay in giving notice, the issue may be decided as a matter of law." *Id.* "[T]he insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident." *Thomas*, 334 So. 2d at 884 (quoting 44 Am. Jur. 2d, Insurance, s 1474).

2. <u>Barrow's notice of an occurrence</u>: Barrow *never* notified Nationwide that he sexually abused or photographed A.B., and he never offered a reason for failing to notify Nationwide. Instead, Barrow defaulted. And even if he chose to appear, Barrow could not plausibly argue that he was not liable for the acts that may be covered because Barrow pleaded guilty to state charges stemming from those acts. So if

you assume that Barrow's criminal acts constituted a covered occurrence because they invaded A.B.'s privacy, Barrow did not satisfy Condition 4(a) of the umbrella policy, thereby releasing Nationwide from its duty to indemnify. *See Reeves*, 539 So. 2d at 254.

3. A.B.'s notice of an occurrence: A.B. rightly notes that the Alabama Court of Civil Appeals has held that third-party notice can satisfy the insured's notice requirement. *See Safeway Ins. of Ala. v. Thompson*, 688 So. 2d 271 (Ala. Civ. App. 1996). But later decisions of the Supreme Court of Alabama mitigate any positive impact provided by the lower appellate court's *Thompson* decision. So the court starts by looking at two of those cases, then applying them here.

a. *Alabama precedent:* The supreme court's decision in *Nationwide Mutual Fire Insurance v. Estate of Files*, 10 So. 3d 533 (Ala. 2008), is most on point. Nationwide insured Jack Files. Files got into a fight with Herbert Sanford and injured Sanford. Files never told Nationwide about the fight. Rather, Sanford's attorney told Nationwide about the fight five months after it happened. Sanford refused to help Nationwide, who in turn refused to defend or indemnify Sanford. Files secured a $75,000 default judgment, which Nationwide refused to satisfy because Sanford failed to give Nationwide "notice of the underlying occurrence 'as soon as practicable,' as required by the conditions of the liability coverage in his homeowner's policy." *Id.* at 533. So Files sued Nationwide, and the trial court ruled that Nationwide had to pay the $75,000 judgment. *Id.* at 534.

The state supreme court reversed. The court reiterated the same two-factor test this court previously outlined:

> If an 'occurrence' takes place, ... the policy requires that the insured give [the insurer] notice 'as soon as practicable.' This Court has held: 'The requirement of notice 'as soon as practicable' means that the insured must give notice 'within a reasonable time under all the circumstances.' In making this determination, the only factors to be considered are the length of the delay in giving notice and the reasons therefor.

> Absence of prejudice to the insurer from the delay is not a factor to be considered.
>
> In *Thomas*, cited by this Court in *Bonitz Insulation*, this Court stated: 'Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question ... for the trier of fact. Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
>
> However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice....
>
> Thus, the determination of the fundamental issue, whether notice of the occurrence or claim was given to the insurer within a reasonable time, rests on the reasonableness of the delay.... If conflicting inferences can be drawn from the evidence, the question of reasonableness is submitted to the trier of fact. If the facts are undisputed, however, and the insured does not show justification for the protracted delay, the court may find the delay unreasonable as a matter of law.

*Id.* at 535 (cleaned up, citations omitted).

Under the first factor, the court "assume[d], without deciding," that the notice from Files' attorney five months after the fight stopped Sanford's continuing duty to notify Nationwide about the fight. *Id.* at 536. It then found that the five-month delay was "sufficiently protracted as to require the insured to offer evidence of a reasonable excuse for the delay." *Ibid.* (citing cases that determined delays of four, six, and eight months required a reasonable excuse or justification).

Under the second factor, the court found that Sanford offered "no evidence of any excuse or justification for his failure to provide the requisite notice as soon as practicable," and Files made no attempt to justify Sanford's failure. *Ibid.* Because Sanford offered no justification under the second factor, the court held "as a matter of law" (a) that Sanford violated the notice requirement and thus (b) Files could not use the policy to satisfy his judgment. *Ibid.*

Three years later, the supreme court clarified that injured parties do not gain a distinct right to seek indemnification from the defendant's insurer after receiving a default judgment. *See Travelers Indem. Co. of Connecticut v. Miller*, 86 So. 3d 338, 347 (Ala. 2011). Applying the two-factor rule it used in *Files*, the court thus found that the injured party could not seek payment from the defendant's policy because (a) the injured party's post-judgment notice to the insurer was untimely and (b) the injured party did not offer any excuses for the defendant's failure to notify his insurer. *Id.* at 347-48.

b. *Application*: The same result is required here. Under the first factor, the court finds that notice of the occurrences was untimely. In her motion, A.B. says that the three occurrences that triggered the umbrella policy all happened "[i]n late 2013." (Doc. 29, undisputed fact #2). Barrow did not notify Nationwide of these occurrences. Rather, if you view the facts in a light most favorable to A.B., Nationwide was first notified of the occurrences on November 9, 2018, when A.B.'s attorney subpoenaed the Barrows' Nationwide agent as part of A.B.'s state court litigation. (Doc. 29, p.5) (stating that a purpose of the subpoena was to "place Nationwide on notice of the claims made in the underlying state court case"). That means notice was delayed 58 months. The state supreme court has held that delays of four, five, six, and eight months require a reasonable excuse or explanation under the second factor, *see Files*, 10 So. 3d at 536, so a 58-month delay certainly does.

The court finds as a matter of law that no excuse justifies the 58-month delay. Like the insured in *Files*, Barrow offered no excuse or

explanation for his failure to notify Nationwide. Like the injured party in *Files*, A.B. offers no excuse **for Barrow's** failure to notify. Instead, A.B. says that her ignorance of the policy excuses the delay. But *Files* makes clear that the excuse is tied to the policy holder, *see Files,* 10 So. 3d at 536, and Miller clarified that an injured third party does not gain a right distinct from the insured's right under the policy. This court must apply Alabama law, which here mandates a finding that Barrow's unexcused failure to notify Nationwide means, as a matter of law, that Nationwide is released from any duty to satisfy A.B.'s judgment against Barrow.

One final note: It does not matter that A.B.'s diligent pursuit of the policy resulted in Nationwide participating in the state court litigation that resulted in the $10 million judgment. Under Alabama law, when judging whether the insured complied with the notice requirement, "the only factors to be considered are the length of the delay in giving notice and the reasons therefor. Absence of prejudice to the insurer from the delay is not a factor to be considered." *Files,* 10 So. 3d at 535. So even if the court might find that Nationwide suffered no prejudice, Alabama law prevents the court from considering that fact when ruling on Nationwide's motion. Rather, the court can only consider the timeliness of notice and justification for the delay. And as explained, there is no question of fact that would allow a juror to find in A.B.'s favor on either of those two factors. So the court must grant summary judgment. *Id*. ("If conflicting inferences can be drawn from the evidence, the question of reasonableness is submitted to the trier of fact. If the facts are undisputed, however, and the insured does not show justification for the protracted delay, the court may find the delay unreasonable as a matter of law.").

—

Because the court finds that Barrow's failure to comply with Condition 4(a) releases Nationwide from any duty to indemnify, the court addresses no other argument raised by the parties.

## CONCLUSION

For the reasons stated within, the court **GRANTS** Nationwide's motion for summary judgment, (doc. 18), and **DENIES** A.B.'s motion for summary judgment. (Doc. 29). The court **DENIES** the remaining motions for summary judgment as **MOOT**. (Docs. 37, 48).

Further, A.B. has not pleaded a claim against Barrow nor does she seek judgment against Barrow. Instead, A.B. was required under Alabama state law to join Barrow as a necessary party to sufficiently assert a claim against Nationwide. (Doc 1-1, pp. 50-51). Thus, the court **DISMISSES** Barrow as a defendant.

The court will enter a separate order consistent with this memorandum opinion that closes this case.

**DONE** and **ORDERED** on August 29, 2024.

_____

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE